**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

_____

SHEET METAL WORKERS' INTERNATIONAL
ASSOCIATION LOCAL 18,

        Plaintiff,

  v.                                          Case No. 09-CV-46

STAR FIRE FIREPLACE INSTALLATION INC,

        Defendant.

_____

## ORDER

On January 1, 2009, plaintiff Sheet Metal Workers' International Association Local 18 filed a complaint against Star Fire Fireplace Installation Inc. ("Star Fire") seeking to confirm an arbitration award pursuant to § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. (Docket #1). A summons was returned executed on January 15, 2009. (Docket #3). Therefore, Star Fire's responsive pleading was due on February 4, 2009. *See* Fed. R. Civ. P. 12(a)(1)(A)(I). On February 17, 2009, plaintiff amended its complaint to include a copy of the unanimous decision of a panel from the National Joint Adjustment Board finding that Star Fire was bound by a labor agreement between Star Fire and plaintiff. (Docket #5). On February 23, 2009, Star Fire's president Anne M. Rhoades purported to appear on behalf of Star Fire and filed an answer. (Docket ##'s 8-9). However, because corporations cannot be represented *pro se* or by non-licensed counsel, the court ordered that the answer and notice of appearance be

stricken. (Docket #10). Since then, Star Fire has neither properly responded to the amended complaint, or otherwise appeared.

On March 26, 2009, Anne Rhoades ("Rhoades") filed a motion seeking the court's permission to file an answer and appear *pro se* on behalf of Star Fire in this case. (Docket #11). In support of her motion, Rhoades states that Star Fire is a struggling family owned business and it cannot afford legal counsel. Plaintiff opposes Rhoades's motion, arguing that the time to respond to the amended complaint has passed and that Star Fire should not be allowed to proceed *pro se* through Rhoades. As the court made clear in its February 27, 2009 order, corporations may only appear through licensed counsel. This rule has no exception for the economic circumstances of the corporation. As a result, the court is obliged to deny Rhoades' motion to proceed *pro se*.

On April 8, 2009, plaintiff filed a request seeking an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Docket ##'s 22, 24). Plaintiff certified that it mailed a copy of its motion papers to Star Fire on the same day. (Docket #27). The clerk entered Star Fire's default on April 9, 2009. Under Rule 55(b)(2), the court may enter a default judgment when a party against whom affirmative relief is sought fails to plead or otherwise defend. The decision to enter default judgment lies within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citation omitted). Upon entry of default by the clerk, the court takes all well-pleaded

allegations in plaintiffs' complaint relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

Based on the allegations contained in the amended complaint, the court finds that, pursuant to the parties' labor agreement, the parties agreed to submit any unresolved grievances to the National Joint Adjustment Board ("Board"). On March 24, 2008, a panel of the Board unanimously decided that Star Fire is bound to all of the terms of the parties' labor agreement and by the audit provisions of separate trust agreements for contributions made or due on behalf of Star Fire's workers.

While plaintiff does not seek any damages, it does seek an order confirming the panel's decision, and stating that Star Fire is required to submit to audits concerning contributions made or due on behalf of its workers under certain trust agreements cited in the panel's decision. The court is authorized to confirm arbitration awards pursuant to the LMRA, as well as 9 U.S.C. § 9. Since Star Fire has not sought to vacate, modify or otherwise correct the panel's award, the court is obliged to confirm it. *See Int'l Union of Operating Eng'rs, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 188 (7th Cir. 1996). However, plaintiff has provided the court with no basis on which to make any declaratory order on the audit provisions cited in the panel's decision. Accordingly, the court declines to issue such an order. *See Newell Operating Co. v. Int'l Union of United Auto., Aerospace & Agric. Implement Workers of Am.*, 532 F.3d 583, 590-91 (7th Cir. 2008) (noting the district court's wide discretion to decline to issue declaratory relief under the LMRA). Moreover, the panel's decision which the court confirms today speaks for itself.

Plaintiff seeks costs in the amount of $405.65. Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs should be allowed to the prevailing party unless otherwise directed by statute. Plaintiff is the prevailing party in this suit, and the LMRA does not alter Rule 54(d)'s presumption of awarding cost. *See generally Reed v. Int'l Union of Auto., Aerospace & Agric. Implement Workers of Am.*, 945 F.2d 198, 204 (7th Cir. 1991). Therefore, the court will award plaintiff its costs.

Plaintiff also seeks attorneys' fees in the amount of $2,363.00. (Docket #26). While LMRA does not explicitly authorize awarding of attorneys' fees, the Seventh Circuit has held that a prevailing party in an LMRA suit "is entitled to such fees if the opponent's suit has no merit or is 'frivolous,' that is, brought in bad faith to harass rather than win." *Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 959 F.2d 685, 689-90 (7th Cir. 1992) (citations omitted). Plaintiff asserts that an award of attorneys' fees is appropriate in this case because Star Fire had no reasonable basis for refusing to comply with the panel's decision. But this misses the point. While plaintiff is the prevailing party in this case, Star Fire never properly appeared or responded to plaintiff's complaint. Therefore, Star Fire did not assert any frivolous defense or make any arguments other than its president's attempt to represent the corporation *pro se*. Star Fire's failure to adequately respond to the panel's arbitration decision or abide by the parties' underlying labor agreement, both of which ultimately led to the filing of this case, does not demonstrate bad faith, harassment or frivolity on the part of Star Fire. Because plaintiff has failed to show

its entitlement to attorneys' fees, the court is obliged to deny plaintiff's request for an award of such fees.

Finally, the parties are reminded that either party may move in a timely manner to set aside a default judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for default judgment (Docket #24) be and the same is hereby **GRANTED** in part and **DENIED** in part; the National Joint Adjustment Board Panel's March 24, 2008 award in favor of plaintiff and against defendant is hereby **CONFIRMED**;

**IT IS FURTHER ORDERED** that costs are hereby taxed in the amount of $405.65 against the defendant.

**IT IS FURTHER ORDERED** that Anne Rhoades' motion to represent defendant pro se (Docket #11) be and the same is hereby **DENIED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge